UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-20353-DAMIAN/D'ANGELO

UNITED STATES OF AMERICA

vs.

ANGEL JOE GONZALEZ, JR.,
    a/k/a "King Juug,"
    a/k/a "DaMailMan5,"
    a/k/a "juughard2kill,"
    a/k/a "chicostyle97@icloud.com,"

    Defendant.
_____/

## FACTUAL PROFFER

The United States of America, ANGEL JOE GONZALEZ, JR., ("Defendant"), and his undersigned counsel agree, that had this case proceeded to trial, the United States would have proven the following facts, among others, beyond a reasonable doubt:

From in or around September 2021, and continuing through in or around February 2024, in Miami-Dade and Broward Counties, in the Southern District of Florida, the Defendant knowingly and willfully, that is, with intent to further the object of the conspiracy, did combine, conspire, confederate, and agree with the co-defendants and others, to knowingly engage in a financial transaction, through and to a financial institution affecting interstate commerce, in criminally derived property of a value greater than $10,000 that is derived from a specified unlawful activity. The specified unlawful activity here is bank fraud, *i.e.*, the Defendant willfully, defrauded, executed, attempted to execute, and caused the execution of, a scheme and artifice to obtain moneys and funds owned by, and under the custody and control of, a financial institution, that is, Bank 1, Bank 2, and Bank 3 by means of false and fraudulent pretenses,

representations, and promises relating to a material fact, in violation of Title 18, United States Code, Section 1344(2) and 2.

On or about May 3, 2023, the Defendant did knowingly and unlawfully possess any key suited to any lock adopted by the Postal Service and in use on any lock box, lock drawer, and other authorized receptacle for the deposit and delivery of mail matter, with the intent to unlawfully and improperly use and sell such key and to cause such key to be unlawfully and improperly used and sold, in violation of 18 U.S.C § 1704.

On or about May 3, 2023, the Defendant did knowingly and willfully possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(l) and 18 U.S.C. § 2. On or about May 3, 2023, the Defendant did knowingly possess a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C § 924(c)(l)(A)(i) and 2.

## The Scheme to Launder the Proceeds of Bank Fraud

The Defendant conspired with indicted co-conspirators, and other unindicted co-conspirators to carry out or attempt to carry out a scheme to defraud financial institutions, such as Bank 1, Bank 2, and Bank 3, of money or other property. At the time of the offenses, the financial institutions were federally insured by the Federal Deposit Insurance Corporation.

The purpose of the conspiracy was for the Defendant and his co-conspirators to unlawfully enrich themselves by, among other things, committing the following acts: (1) unlawfully obtaining, possessing, and using United States Postal Service ("USPS") arrow keys to steal U.S. mail; (2) obtaining, possessing, and opening stolen U.S. mail to acquire checks without authorization from their lawful owners; (3) producing counterfeited and forged checks using information derived from the checks stolen from the U.S. mail; (4) obtaining, possessing, and using means of identification of other persons, including names, addresses, bank account

numbers, and signatures; (5) depositing the false and fraudulently-altered checks into banks accounts controlled by the Defendant and co-conspirators; and (6) using the illicit proceeds from the bank deposits and sale of the fraudulently-altered checks to conduct monetary transactions greater than $10,000 and/or use the money for their own personal gain and to advance the conspiracy.

### Narcotics Trafficking

The Defendant and his roommate sold retail amounts of various narcotics from 20505 N.W. 25th Court, Miami Gardens, Florida (the "Residence"). The Defendant conducted negotiations for transactions through his cellphone. The Defendant maintained firearms in his bedroom and other parts of the Residence in connection with his narcotics dealing.

### The *Conduct*

On or about May 3, 2023, at approximately 12:00 p.m., Miami Gardens Police Department ("MGPD") responded to multiple reports of shots fired at the Residence. Upon obtaining lawful access to the Residence, the officers observed in plain view numerous firearms, shell casings, bullets holes in a bedroom television and wall, hundreds of checks, and numerous pieces of mail addressed to various other addresses. Law enforcement obtained and executed a search warrant, and recovered approximately $1.7 million of stolen checks, stolen mail, and other forms of personally identifiable information ("PII") of individuals not living in the Residence. Most of the stolen checks were found spread out on a pool table in the main living room area of the Residence with check duplication materials (i.e., a printer).

In other parts of the Residence, including the kitchen, bedrooms, and vehicles parked in the backyard, the search revealed forty (40) debit and credit cards embossed with various names of unknown individuals, six (6) USPS Arrow Keys, additional checks addressed to and by

different persons and companies (none belonging to any of the residents inside the Residence), and numerous electronic devices, including twenty-seven (27) cell phones, six (6) laptops, a digital video recorder, and two (2) Apple iPads. Several of the USPS Arrow keys were found in a kitchen drawer and had Apple AirTags connected to the Defendant.

Law enforcement also found various narcotics packaged for sale including approximately 167 grams of suspected heroin, approximately 115 grams of suspected cocaine, approximately fifty-five (55) grams of suspected MDMA pills, approximately eleven (11) grams of suspected oxynorolone pills, approximately twenty-five (25) grams of suspected Xanax, approximately three (3) grams of an unknown substance, a scale and baggies. Inside a Lexus that was in the backyard (that was leased by and registered to the Defendant), law enforcement found narcotics (approximately 73 grams of suspected cocaine and approximately 26 grams of fentanyl), scales and baggies used for narcotics packaging, as well as debit and credit cards in other people's names.

In the Defendant's bedroom, which he shared with his girlfriend, law enforcement recovered a binder labeled "Angel's Important Papers" which contained at least one check made out to another person. Law enforcement also found at least 17 debit or credit cards in the names of other people and an Arrow key. In the closet, law enforcement uncovered methamphetamine and baggies for packaging, body armor, and a receipt, in the Defendant's name, for the purchase of a Draco firearm with the serial number, PMD-10416-19. One of the firearms that law enforcement had previously observed on a pool table, was a Draco bearing the same serial number. The Defendant possessed the Arrow keys found in the residence with the intent to unlawfully or improperly use or sell them. He also possessed the narcotics with the intent to distribute them. Finally, the Defendant possessed the Draco firearm in furtherance of his drug

trafficking activities.

The Defendant was not present at the time of the search. Law enforcement contacted the Defendant, and he refused to return; however, law enforcement later obtained video showing that, during the execution of the warrant, the Defendant was surveilling the residence from a neighboring driveway.

Law enforcement conducted additional investigation and learned that S.J.J., who is an attorney, wrote and mailed a check in the amount of $74,392.61 to a client. The Defendant and his co-conspirators then stole the check from the mail and made a counterfeit check written to Defendant and signed by S.J.J. On or about March 8, 2023, in furtherance of the scheme to defraud, the Defendant deposited the counterfeit check (no. 6198) into a Bank 3 account ending 9979. About two weeks later, beginning on March 17, 2023, the Defendant made eight large withdrawals, culminating in a final withdrawal of $48,500. These withdrawals were all proceeds from the counterfeit check. Law enforcement interviewed S.J.J. who confirmed that he did not write a check to the Defendant. S.J.J. also stated that he did not give the Defendant the authority to use his name to sign a counterfeit check.

Law enforcement's investigation also revealed that the Defendant recruited others, including the co-conspirators, to be involved in the stolen arrow key and bank fraud scheme. For example, on or about April 15, 2023, the Defendant asked a co-conspirator for a picture of her license so that he could make her a fake identification document. The Defendant also asked her for a pin number for her account, which she provided. The Defendant did this to assist the co-conspirator in depositing the counterfeit checks he obtained in her account. Moreover, the Defendant and another co-conspirator moderated a group through the Telegram application of approximately 2,000 individuals in which they sold stolen checks. The Defendant identified his

telegram account as "@DaMailMan5".

On or about June 8, 2023, the Defendant was arrested on state charges related to items found in the Residence. At that time law enforcement found an additional three (3) USPS Arrow Keys on the Defendant's person. Law enforcement searched the Defendant's vehicle, an Escalade, and found, among other items, three mobile phones, narcotics, a loaded firearm, and mail and checks in other people's names. Law enforcement also found bank ATM receipts related to fraudulent deposits made by a co-conspirator. The Defendant was eventually released on a bond.

Subsequently, Broward Sheriff's Office (BSO) deputies placed a stolen yellow Audi under surveillance. They observed the Defendant drive the vehicle to a bank branch where he spoke with a woman and watched as she went into the bank. BSO detectives attempted to arrest the Defendant by blocking in his yellow Audi. However, the Defendant drove the Audi into BSO vehicles and led BSO deputies on a high-speed chase where he was eventually captured as he shoved a firearm under his seat. Law enforcement lawfully searched the vehicle and found the firearm and a variety of mail addressed to other people.

[THIS SPACE INTENTIONALLY LEFT BLANK]

The United States and the Defendant agree that these facts, which do not include all of the facts known to the United States and to the Defendant, are sufficient to prove beyond a reasonable doubt the Defendant's guilt as to the crimes of Possession of Stolen Mail Keys, in violation of 18 U.S.C § 1704; Conspiracy to Commit Money Laundering, in violation of 18, U.S.C. § 1956(h); Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 841(b)(1)(c); and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

DAVID L. JAFFE
CHIEF, VIOLENT CRIME &
RACKETEERING SECTION
U.S. DEPARTMENT OF JUSTICE

Date: 2/4/26     By: _____
                     QUINSHAWNA S. LANDON
                     ASSISTANT UNITED STATES ATTORNEY

Date: 2/4/26     By: _____
                     JENNIFER E. BURNS
                     TRIAL ATTORNEY

Date: 2/4/26     By: _____
                     ALIEU KARGBO
                     TRIAL ATTORNEY

Date: 2/4/26     By: _____
                     ERICK CRUZ
                     ATTORNEY FOR DEFENDANT

Date: 2/4/26     By: _____
                     ANGEL JOE GONZALEZ, JR.
                     DEFENDANT